IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOSEPH DARNELL PEYTON, #77511**                                              **PETITIONER**

versus                                      **CIVIL ACTION NO.  1:04-CV-771-DMR-JMR**

**STATE OF MISSISSIPPI and JIM HOOD**                                         **RESPONDENTS**

### ORDER DISMISSING PETITION WITH PREJUDICE

BEFORE THE COURT is the Petition of Joseph Darnell Peyton, #77511, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.  And the Court, having carefully considered the record before it, and the applicable case law, is of the opinion that the grounds sought in the petition are not well taken and it should be dismissed on all grounds with prejudice

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Petitioner is lawfully in the custody of Lawrence Kelly, Superintendent of the Mississippi State Penitentiary at Parchman, Mississippi, after being convicted of one count of armed robbery in the Second Judicial District of the Circuit Court of Harrison County, Mississippi.  The Petitioner was sentenced on January 24, 2002, as an habitual offender to serve a term of thirty-five (35) years in the custody of the Mississippi Department of Corrections without hope of parole or probation.   *See* Clerk's Papers (hereinafter cited to as "C.P."), pp. 42-43.

The Petitioner thereafter appealed his judgment of conviction and sentence to the Mississippi Court of Appeals, assigning as error the following (as summarized by the appellate court):

> A.   The trial attorney for the appellant was ineffective as counsel.
>
> B.   The evidence presented at trial was not sufficient.

> C. The trial judge erred in not allowing in evidence of [*sic*] the statement of Michael Martishius and/or allowed the trial attorney to ask the investigating officers about it.

On September 30, 2003, the Mississippi Court of Appeals affirmed petitioner's judgment of conviction and sentence. *See* Exhibit A. *Peyton v. State*, 858 So.2d 156 (Miss. App. 2003)(Cause No.2002-KA-00924-COA).

On July 9, 2004, petitioner filed an "Application For Leave To Proceed In The Trial Court" in the Mississippi Supreme Court, assigning as error the following (as summarized by respondents):

> A. Unconstitutional amendment of the indictment.
>
> B. Unconstitutional search and seizure.
>
> C. The prosecution failed to produce photographs of the vehicle used in the robbery or the 911 tape until moments before trial.
>
> D. The trial court erred in admitting prejudicial evidence that linked petitioner to an uncharged crime.
>
> E. Petitioner was denied his right of confrontation when the trial court admitted a note into evidence without requiring that the author of the note be established.
>
> F. The prosecution failed to disclose favorable evidence to the defense.

On August 23, 2004, the supreme court denied Peyton's post-conviction motion, stating, in pertinent part, as follows:

> Petitioner alleges improprieties with his indictment, arrest warrant and search warrant, discovery violations and improper admission of evidence. After due consideration the panel finds that all of Petitioner's issues could have been raised on direct appeal but were not, and are procedurally barred. *See* Miss. Code Ann. § 99-39-21(1). The application filed by Petitioner should be dismissed.

In the instant Petition for Writ of Habeas Corpus, Peyton raises the following grounds as summarized by the respondents:

Ground One - The trial court erred in admitting prejudicial evidence that linked petitioner to an uncharged crime ["incriminating bank note].

Ground Two - Petitioner was denied his right of confrontation when the trial court admitted a note into evidence without requiring that the author of the note be established.

Ground Three - Unconstitutional amendment of the indictment.

Ground Four - The prosecution failed to disclose favorable evidence to the defense.

Ground Five - Unconstitutional search and seizure.

Ground Six - The trial court erred in not allowing defense counsel to question Investigator Michael Brown about his interview with witness, Michael Martishius.

Ground Seven - The prosecution failed to produce photographs of the vehicle used in the robbery or the 911 tape until moments before trial.

Ground Eight - Ineffective assistance of counsel:

    (a)    Trial counsel failed to file a motion to suppress the note found inside the black purse.

    (b)    Trial counsel failed to object to the note being offered into evidence.

    ( c)    Trial counsel failed to object to the amendment to the indictment.

    (d)    Trial counsel failed to file a motion to suppress the evidence taken from the car on the basis that the search was illegal.

    (e)    Trial counsel failed to subpoena any witnesses, specifically Michael Martishius.

## II. LEGAL ANALYSIS

This Court will first address the claims which the Petitioner has not raised in a properly procedural manner. The Petitioner presents claims in this federal habeas corpus petition which have not been presented to the state's highest court in a procedurally proper manner and which are now procedurally barred due to petitioner's own procedural default. *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995)(when state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims); *see also Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)(federal review of a claim is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule); *see also Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998)(an inmate's failure to present claims to the proper state court creates a procedural default for purposes of federal habeas review). In *Sones*, the Fifth Circuit stated:

> When, however, state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. As the Supreme Court stated in *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991),
>
>> "[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, . . . [then] there is a procedural default for purposes of federal habeas ...." *Id*. at 735 n.1, 111 S.Ct. at 2557 n.1."

*Sones v. Hargett*, 61 F.3d at 416. When "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the

claim procedurally barred from habeas review." *Sones,* 61 F.3d at 416, quoting *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993).

Peyton has raised the claims in Ground Eight (a), (b), ( c) and (d) for the first time in the instant petition. "If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Although Peyton raised the issue of ineffective assistance of counsel in his direct appeal, Peyton did not raise the specific claims that are listed in Ground Eight (a), (b), ( c) and (d), *supra,* in either his direct appeal or his post-conviction motion. By raising the specific facts of Ground Eight (a), (b), ( c) and (d) herein for the first time, Peyton has waived having the Mississippi Supreme Court review the issues on the merits. Accordingly, Peyton has defaulted the claims in Ground Eight (a), (b), ( c) and (d) and this Court is now precluded from reviewing the claim.

Moreover, Peyton cannot show "cause" under the "cause and prejudice" test necessary to allow this Court to reach the merits of the claims in Ground Eight (a), (b),  ( c) and (d) despite the procedural bar because no external impediment existed to prevent him from raising and discussing this claim in his post-conviction petition.[1] *See United States v. Flores*, 981 F.2d 231

---

[1] Attorney error has in certain circumstances been held to constitute cause to overstep procedural default. However, in order to argue ineffective assistance of counsel as cause to overstep the procedural bar, Peyton would have had to raise and exhaust a claim of ineffective assistance of appellate counsel for failure to raise the claims on appeal as an independent claim in state court when he filed his motion for post-conviction relief. *See Edwards v. Carpenter,* 529 U.S. 446, 452, 120 S. Ct. 1587, 1591-92 (2000); *see also Murray v. Carrier,* 477 U.S. 478, 488-89, 106 S.Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986). Peyton chose not to do so; and, therefore, attorney error cannot constitute cause in the instant case.

(5th Cir. 1993).  Therefore, absent a showing of "cause," it is unnecessary for this Court to consider whether there is actual prejudice.  *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996). Additionally, there will be no "fundamental miscarriage of justice" if Peyton's claim is not heard on the merits; the "fundamental miscarriage of justice" exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted). Peyton has not met this standard.

As regards Ground One, Ground Two, Ground Three, Ground Four, Ground Five, and Ground Seven, the stated claims were raised in Peyton's motion for post-conviction relief and held to be procedurally barred by the Mississippi Supreme Court; therefore, said claims are precluded from review by this Court. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfil a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)).  As noted previously, the state supreme court found the issues which Peyton now raises in Grounds One, Two, Three, Four, Five, and Seven to be procedurally barred

6

pursuant to Miss. Code Ann. § 99-39-21(1).[2] The Fifth Circuit Court of Appeals has held that Section 99-39-21(1) is an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). The adequacy of the procedural bar applied to Peyton's issues in state court depends on "whether Mississippi has strictly or regularly applied it." *Id*. (citing *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)).[3] Peyton, however, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*. at 860. Peyton has failed to carry his burden of proving an "inconsistent and irregular" application of the bar stated above and has, therefore, defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. *Id*. at 861.

Federal habeas courts are estopped from reviewing state cases applying an independent and adequate state procedural rule unless the petitioner can demonstrate cause and actual prejudice, which respondents submit petitioner cannot show. *See Coleman*, 501 U.S. at 750; *see also Martin v. Maxey*, 98 F.3d at 849 (*citing Sawyer v. Whitley*, 505 U.S. 333 (1992)). In explaining the *cause* necessary for excusing a default, the Supreme Court instructed that "there

---

[2]Section 99-39-21(1) of the Mississippi Code reads: "Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial, and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver."

[3]As to Mississippi's post-conviction statutes in general, the Fifth Circuit has determined that the Mississippi courts have applied the Mississippi Uniform Post-Conviction Collateral Relief Act ("UPCCRA") (citing Miss. Code Ann. §99-39-5(2) (Supp. 1995)) in a consistent manner. *See Moore v. Roberts,* 83 F.3d 699, 703 (5th Cir. 1996).

must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). *McCleskey v. Zant*, 499 U.S. 467 (1991). Peyton has failed to show cause for his failure to assert the claims in Grounds One, Two, Three, Four, Five and Seven on direct appeal.[4] Since Peyton fails to establish cause, respondents submit there is no need to consider whether there was actual prejudice to petitioner. *Saahir v. Collins*, 956 F.2d 115 (5th Cir. 1992).

As previously stated, the "fundamental miscarriage of justice" exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman*, 188 F.3d at 644 (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the requisite probability that he was actually innocent, the petitioner must support his allegation with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. Peyton fails to establish that a miscarriage of justice will result if his claims are not considered on the merits. Accordingly, this Court is precluded from considering Ground One, Ground Two, Ground Three, Ground Four, Ground Five and Ground Seven presented in Peyton's habeas petition due to his default in the courts of Mississippi.

---

[4] As stated previously, attorney error has in certain circumstances been held to constitute cause to overstep procedural default. However, in order to argue ineffective assistance of counsel as cause to overstep the procedural bar, Peyton would have had to raise and exhaust a claim of ineffective assistance of appellate counsel for failure to raise the claims on appeal as an independent claim in state court when he filed his motion for post-conviction relief. *See Edwards v. Carpenter,* 529 U.S. 446, 452, 120 S. Ct. 1587, 1591-92 (2000); *see also Murray v. Carrier,* 477 U.S. 478, 488-89, 106 S.Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986). Peyton chose not to do so; and, therefore, attorney error cannot constitute cause in the instant case.

Ground Six is an issue of state law and as such, was resolved by the Mississippi Supreme Court on review of Peyton's direct appeal. A state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved. *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir. 1981). The role of a federal court is more limited than that of the state appellate court. *Skillern v. Estelle,* 720 F.2d 839, 852 (5th Cir. 1983). "[F]ederal habeas corpus relief is appropriate only when a conviction has been obtained in violation of some constitutionally protected right. *See Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981); *Smith v. Phillips,* 455 U.S. 209, 221 (1981). A "mere error of state law" is not a denial of due process. *Engle v. Isaac,* 465 U.S. 107, 121 and n.21, 102 S.Ct. 1558 and n.21, 71 L.Ed.2d 783 (1982).

In Ground Six, Peyton argues that the trial court erred in refusing to allow defense counsel to solicit testimony from Investigator Michael Brown regarding the contents of the statement given by Michael Martishius. Petitioner argues that the trial court incorrectly deemed such testimony to be impermissible hearsay of an unavailable witness in violation of Rule 803 of the Mississippi Rules of Evidence. Peyton attempts to argue here as he did on direct appeal that defense counsel was not seeking to offer the information for the truth of the matter asserted but rather, to show the course of Officer Brown's investigation and any conclusions derived therefrom. As to this issue, the appellate court found, in pertinent part, as follows:

> Peyton argued at trial and again here on appeal that he did not seek to have the contents of Martishius' statement offered for their truth but rather to show the course of Brown's investigation. The trial court disagreed and proceeded to carefully explain why none of the hearsay exceptions applied, including the "catch-all" exception of Mississippi Rule of Evidence 804(b)(5). The court found the statement lacked the necessary indicia of trustworthiness, was not probative of a material fact but offered solely for impeachment, and Peyton did not comply

9

>    with the rule's notice requirement.
>        We cannot disagree with the trial court, particularly in light of the
>    admission by trial counsel that use of the statement was intended for the specific
>    purpose of contradicting Shari Thompson's testimony. That is impeachment.

*See Peyton*, 858 So. 2d at 159-160.

A claim challenging the state court's ruling on the admissibility of certain evidence under state law is precluded from review by this Court, because the rulings of state courts on evidentiary matters are solely issues of state law. "A state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair." *Johnson v. Puckett,* 176 F.3d 809, 820 (5th Cir. 1999) (citing *Cupit v. Whitley,* 28 F.3d 532, 536 (5th Cir.1994). Peyton has presented nothing to indicate that the admission of the evidence discussed *supra* "ran afoul of any specific constitutional right" nor has he demonstrated that the testimony rendered his trial fundamentally unfair. As such, respondents submit that habeas review is not warranted.

"[M]ere errors of state law are not the concern of this Court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." *Wainwright v. Goode,* 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1993). No such right has been asserted here. As to Ground Six, only a state court issue has been raised. The alleged violation of state rules, without more, is not a cognizable ground for habeas corpus relief. *Edwards v. Butler,* 882 F.2d 160, 164 (5th Cir. 1989) (citations omitted). Accordingly, Peyton is not entitled to relief on his claim in Ground Six.

Finally, as regards claim (e) of Ground Eight, such was reviewed by the Mississippi Court of Appeals and denied on the merits. As a result, under the Antiterrorism and Effective Death

Penalty Act of 1996, (the "AEDPA") 28 U.S.C.A. § 2241, *et seq.*, and because this issue was decided on the merits, habeas relief cannot be granted with respect to this claim. 28 U.S.C. § 2254(d) and § 2254(e)(1). 28 U.S.C. § 2254(d) provides:

> (D) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The first exception, subsection (d)(1) applies to questions of law or to mixed questions of fact and law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). The claim in Ground Eight (e) is a mixed question of law and fact. Therefore, subsection (1) of § 2254(d) governs the claim and dictates that a federal court cannot grant habeas relief to the petitioner unless it determines that the state court's decision involved an unreasonable application of the law to the facts. The "unreasonable application" standard of review of a state court decision does not mean that a federal court may grant habeas relief based on its simple disagreement with the state court decision; this would amount to nothing more than *de novo* review. *See Williams v. Cain*, 125 F.3d 269, 276-77 (5th Cir. 1997). Unless there is such an unreasonable application, there exists a presumption that state court factual findings are correct. *Knox v. Johnson*, 224 F.3d 470 (5th Cir. 2000).

In *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the United States Supreme Court concluded that §2254(d)(1) "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Id*. at 1523. A state court's decision is contrary to federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Id*. at 1523. A state court's decision involves an unreasonable application of federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies the principle to facts of the prisoner's case; this application of law to facts must be objectively unreasonable. *Id*. at 1521. Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. See also *Ramdass v. Angelone,* 530 U.S. 156, 120 S.Ct. 2113 (2000); *Chambers v. Johnson*, 218 F.3d 360 (5th Cir. 2000); *Hill v. Johnson*, 210 F.3d 481 (5th Cir. 2000).

Nevertheless, under § 2254(d)(2), grounds may still merit review if those facts to which the appellate courts applied the law were determined unreasonably in light of the evidence presented. Because the state appellate courts are presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As will be discussed below, Peyton failed to meet his burden. Accordingly, this Court is barred from reviewing issues already decided on the merits.

In Ground Eight (e), Peyton argues that he was denied effective assistance of counsel because his defense attorney admitted before and during trial that her performance was deficient and also that defense counsel failed to subpoena any witnesses.

To merit habeas corpus relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-prong test set out in *Strickland* by demonstrating both constitutionally deficient performance by counsel and actual prejudice as a result of such ineffective assistance. *See also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A petitioner's failure to establish both prongs of the *Strickland* test warrants rejection of his claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986) (overruled on other grounds).

In order to satisfy the first prong of *Strickland*, the petitioner must show that defense counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 *U.S. at 688.* "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id*. at 689. In other words, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id* (citation omitted). Respondents submit that Peyton fails to make such a showing and, therefore, cannot satisfy the *Strickland* test.

Peyton first asserts that the legitimacy of his ineffective assistance of counsel claim is supported by the fact that defense counsel admitted before and during trial that she was not ready

13

and that her performance was deficient. On appeal, the state court addressed this claim as follows:

> The alleged admission of deficiency occurred on the morning of the trial during the State's motion to exclude the testimony of an alibi witness, notice of which was not served upon the State until the prior afternoon. Trial counsel acknowledged she bore responsibility for the late notice but requested the testimony be admitted nonetheless. Counsel did state later in the discussion that if the testimony were excluded, her representation of Peyton would have been ineffective. Before the court could rule, the State withdrew its objection to the testimony.
> There are no other entries in the record of any form of admission of deficient performance by trial counsel. Neither was this single exchange such an admission. Counsel noted that *if* the testimony was excluded, she would have been deficient but the testimony was not so excluded. The event which would have precipitated an admission of ineffective assistance never occurred.

*See Peyton*, 858 So. 2d at 158. Respondents note that defense counsel did state that she was not as prepared as she thought she should be for an armed robbery case. *See* S.C.R. at 17. However, defense counsel continued to elaborate and stated plainly that if the testimony of alibi witness, George Jessie, were excluded then she would be deficient. *Id*. at 17-22. Thereafter, defense counsel made a proffer of Mr. Jessie's testimony and the state withdrew its objection. *Id*. at 23-26. The state then expressed concern over defense counsel's earlier declaration that she might be ineffective in her representation of Peyton. *Id*. at 26. Defense counsel responded as follows:

> Yes, sir. I think I need to clarify. It's not that I think I will be ineffective. I don't think that I'm as prepared as I could be had things not happened with my office as they had and other things had not happened. However, my main point was that the alibi witness were not allowed because of my not giving the notice to the district attorney. Then I think I would, in fact, be ineffective.

*Id*. at 27. The Respondents submit to the Court that this declaration of deficiency by defense counsel was clearly tied to whether the testimony of the alibi witness would be permitted, and further submit that when the state withdrew its objection any possible deficiency evaporated.

14

The Respondents also submit for the Court, however, that in her motion for new trial, defense counsel stated, rather gratuitously, that she believed her client was entitled to a new trial because of her ineffectiveness.  *See* S.C.R. at 262-264.  The trial judge inquired as to what defense counsel might have done differently that would have impacted the outcome of the trial and defense counsel stated that she would have subpoenaed Michael Martishius.  *Id*. at 264.  Defense counsel then stated as follows:

> There were also several motions that should have been filed in the weeks before trial that were not filed.  For instance, since we could not find Mr. Martishius, we should have asked for the funds to employ an investigator.  We wanted the 911 tape which I think – we wanted several things, Your Honor, that we were not provided by the State that we did not ask for.  And again, it is my fault that those things were not done.

*Id*. at 266.  In response, the trial judge stated as follows:

> But the basis of the motion is effectively counsel's preparation for trial and her performance at trial.  And based on the trial itself, the examination of the witnesses, I can't say that as a matter of law Mr. Peyton did not receive a fair trial.  No one is entitled to a perfect trial, although all of the attorneys that appear before me, I believe, generally strive to do as perfect a job as they are humanly capable of.
>
> . . .
>
> Because as the trial judge who observed, Ms. Koenig, your demeanor, your presentation, your examination, I would have to, in order to grant a new trial, say but for your performance there would have been a different result.  And on the evidence, I can in no way, based on your presentation and defense of Mr. Peyton, say that another attorney or you on a different day would have achieved a different result.  Based on that, I have to deny the motion for a new trial.  I cannot say that there was ineffective in any sense.

*Id*. at 272.  This Court agrees with the trial court and that defense counsel's declaration of ineffectiveness after the jury rendered an adverse verdict for her client was gratuitous.  The trial judge was correct in stating that a defendant is not entitled to an errorless trial or perfect defense

15

counsel. "[T]he constitution entitles a criminal defendant to a fair trial, not a perfect one." *See Ross v. Oklahoma*, 487 U.S. 81, 91 (1988)(citation omitted). "It is abundantly clear, however, that the guarantee [to effective assistance of counsel] does not underwrite errorless counsel, or successful counsel, or the best counsel available. It is equally true that errors on the part of any attorney do not constitute a denial of effective assistance." *See Odom v. United States*, 377 F.2d 853, 858 (5th Cir. 1967). Defense counsel's primary complaint regarding her representation of Peyton was that she failed to subpoena Michael Martishius. As discussed *infra*, even if Martishius had testified, nothing within his knowledge of the crime would have changed the outcome of this trial. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *See Strickland*, 466 U.S. at 686. Notwithstanding defense counsel's claim of ineffectiveness, the evidence contained in the record more than supports the guilty verdict that was rendered in the instant case such that it can be said that the trial unquestionably produced a just result.

In regards to Peyton's allegation that defense counsel was ineffective in failing to subpoena any witnesses, it is noted that Peyton only identifies one witness whom he believes should have been subpoenaed-- Michael Martishius.[5] Peyton indicates that Martishius' testimony

---

[5]Because Peyton identifies no witnesses other than Martishius, this Court agrees heartily with respondents that any allegations concerning other witnesses that "should" have been subpoenaed constitutes nothing more than a conclusory allegation insufficient to entitle petitioner to habeas relief. *See Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002) quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)) ("This court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); *see also United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989). "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green*

was important to petitioner's case because his testimony would have contradicted the testimony of Shari Lynn Thompson, whose testimony placed Peyton and herself near the crime scene at the time of the robbery. The state appellate court addressed this issue as follows:

> Although Peyton alleges his counsel was ineffective for failing to subpoena witnesses, he does not claim injury by the failure to place the alibi witness on the stand. Instead, he alleges that counsel should have issued a subpoena to Michael Martishius, a bystander in the area of the robbery at the time it occurred.
> 	Martishius was unavailable as a witness at trial but he had given a statement to police at the time of the robbery. The trial court ruled the unsworn statement inadmissible hearsay. Peyton asserts the substance of Martishius' statement was critical to his defense because it contradicted Shari Thompson's account of events in material ways. Specifically Peyton claims that, "[b]ecause Shari Thompson places Peyton at the scene of the crime around the time of the robbery," it was therefore deficient performance by trial counsel requiring reversal to fail to assure Martishius' presence at trial.
> 	Although Peyton was not permitted to introduce the statement at trial, he did make a proffer outside the jury's presence as to the content of the statement. Martishius told police he had seen a red car pull to the curb near the liquor store, a man get out, jump across the ditch, go into the liquor store then run back out some little time later and the car drive away. Martishius said he initially thought there was only one person in the car but later realized there were two, he thought the man had been driving and he thought the license plate was obscured by a paper bag. Martishius was later taken to view Thompson's car and he identified it as the one he had seen parked near the liquor store.
> 	Thompson had testified she had been driving and she parked on a street different than that identified by Martishius. There was also a discrepancy in the color of sweater Thompson said Peyton was wearing and the one Martishius identified the running man as wearing. None of these small discrepancies on collateral matters in any way cast doubt upon Thompson's placement of Peyton at or near the scene of the robbery at the time it occurred. Assuming Martishius would have testified in consonance with the statement given police, we cannot see that it would have significantly altered the outcome of this trial. Failing to issue a subpoena to Martishius cannot have prejudiced Peyton.

*See Peyton*, 858 So. 2d at 158-159.

---

*v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998). *See also Cinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994); *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

Complaints of uncalled witnesses are typically not favored in federal habeas review. *See Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001) (citations omitted). The decision of whether to subpoena a specific witness is properly encompassed in trial strategy. In the instant case, defense counsel assumed Martishius would be present at trial because he was listed on the prosecution's witness list and she believed a subpoena had been issued for Martishius by the state. *See* S.C.R. at 167. While this may have been a tactical error on the part of counsel, it does not rise to the level of deficiency.

The allegations of ineffective assistance of trial counsel failed to meet the deficiency prong of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674 (1984). However, assuming *arguendo* that Peyton met the first prong of *Strickland*, which is denied, he has not proven the prejudice prong, which he must do in order to prevail. To prove prejudice,[6] the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. In *Strickland*, the court explained that the defendant must make a showing that counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable,"(*Strickland*, 466 U.S. at 687) and demonstrate a reasonable probability that but for counsel's errors, the results of the proceeding would have been different. *Id*. at 694. *See also*

---

[6] The Supreme Court revisited the prejudice prong of the standard, explaining that the proper analysis focused not simply on outcome determination but whether the result of the proceeding was rendered fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180, 189 (1993). *See also Mayabb v. Johnson, supra; Armstead v. Scott*, 37 F.3d 202, 206-07 (5th Cir. 1994). This holding narrowed somewhat the scope of ineffective assistance of counsel doctrine, and it further limited the availability of federal habeas relief. *Armstead*, 37 F.3d at 207; *see also Goodwin v. Johnson*, 132 F.3d 162, 176 (5th Cir. 1997).

*Mayabb v. Johnson,* 168 F.3d 863, 869 (5th Cir. 1998); *Goodwin v. Johnson,* 132 F.3d 162, 170 (5th Cir. 1998). A "reasonable probability" is one sufficient to undermine confidence in the outcome of the proceeding. *Moawad v. Anderson, supra.* An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Summit v. Blackburn*, 795 F.2d 1237, 1242 (5th Cir. 1986). A habeas corpus petitioner must affirmatively plead this resulting prejudice. *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). Further, respondents submit, and this Court agrees, that even if there were errors such were not "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. This Court is of the opinion that Peyton has not shown "but for" counsel's alleged errors the proceedings would have been different. Accordingly, the state supreme court's finding that trial counsel was not ineffective under the *Strickland* test was neither contrary to nor an unreasonable application of clearly established federal law.[7] As such, habeas review of the claims in Ground Eight will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the relief sought in the Petition of Peyton, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, be and is hereby **DENIED** and the instant Petition is hereby **DISMISSED WITH PREJUDICE.**

---

[7] "It bears repeating that the test for federal habeas purposes is *not* whether [the petitioner] made the showing required under *Strickland*]. Instead, the test is whether the state court's decision– that [the petitioner] did not make the *Strickland*-showing– was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his [ineffective assistance of counsel] claim." *Busby v. Dretke*, 359 F.3d 708, 717 (5th Cir. 2004).

**IT IS FURTHER ORDERED AND ADJUDGED** that as all the rights and liabilities as to all the parties have been resolved that a Final Judgment be entered in this cause.

**SO ORDERED AND ADJUDGED** this the     28th     day of March, 2007.


<u>**/S/   DAN M. RUSSELL, JR.**</u>
**UNITED STATES DISTRICT JUDGE**